IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONIQUE DAVIS AND PRISCILLA THOMAS, | § § § § § | |
| Plaintiffs, | | |
| v. | § § § | C.A. No. 4:21-CV-296 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | § § § § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant, Life Insurance Company of North America ("Defendant" or "LINA"), files its Original Answer to Plaintiffs' Original Complaint ("Complaint"), and states as follows:

### PARTIES

1. Responding to Paragraph 1, on information and belief, admit.

2. Responding to the first sentence of Paragraph 2, admit. Responding to the second sentence, admit that Defendant can be served in Texas through its registered agent

### JURISDICTION AND VENUE

3. Paragraph 3 contains legal arguments which need not be admitted or denied. Responding to the first and second sentences, admit that these sentences accurately reflects the relief sought by Plaintiffs, but deny that they are entitled to same. Responding to the third sentence, admit that this Court has jurisdiction over the claims alleged by Plaintiffs.

4. Responding to paragraph 4, admit that Larry James Thomas ("Decedent" or "Mr. Thomas") was an employee of Calcasieu Refining Company ("Calcasieu") and that he was, at one time, a covered insured under the Group Accidental Death ("AD&D") policy number OK

1

251226834v.1

807233 issued by LINA to Calcasieu (the "Policy"). The second sentence is a legal argument and Defendant is not required to answer; to the extent a response is required, admit that jurisdiction is proper in this court.

5. Paragraph 5 and its subparts a-e contain legal arguments which need not be admitted or denied. To the extent a response is required, Defendant admits that venue is proper.

## THE LINA POLICY

6. Responding to Paragraph 6, admit that LINA issued the Policy; deny it was issued to "all employees of Calcasieu."

7. Responding to Paragraph 7, the terms of the Policy speaks for itself; deny that Plaintiffs are entitled to any payment under the Policy.

8. Responding to Paragraph 8, denied.

9. Responding to Paragraph 9, denied.

10. Responding to Paragraph 10, admit that the Decedent was an insured under the Policy. Defendant is without information or knowledge sufficient to allow it to form a belief as to the remainder of the averments.

11. Responding to Paragraph 11, Defendant is without information or knowledge sufficient to allow it to form a belief as to the averments.

## UNDISPUTED FACTS ESTABLISING COVERAGE

12. Responding to Paragraph 12, admit that Plaintiff's medical records reflect various symptoms and diagnoses, restrictions and limitations, and aver that the medical records speak for themselves and any representations inconsistent therewith are denied. The remaining averments set forth in Paragraph 12 are denied. Denied that the Decedent suffered a covered accident under the Policy

13. Responding to Paragraph 13, admit that Plaintiff's medical records reflect various symptoms and diagnoses, restrictions and limitations, and aver that the medical records speak for themselves and any representations inconsistent therewith are denied. The remaining averments set forth in Paragraph 13 are denied. Denied that the Decedent suffered a covered accident under the Policy.

14. Responding to Paragraph 14, admit that Plaintiff's medical records reflect various symptoms and diagnoses, restrictions and limitations, and aver that the medical records speak for themselves and any representations inconsistent therewith are denied. The remaining averments set forth in Paragraph 14 are denied.

15. Responding to Paragraph 15, admit that Plaintiff's medical records reflect various symptoms and diagnoses, restrictions and limitations, and aver that the medical records speak for themselves and any representations inconsistent therewith are denied. The remaining averments set forth in Paragraph 15 are denied.

16. Responding to Paragraph 16, admit that Plaintiff's medical records reflect various symptoms and diagnoses, restrictions and limitations, and aver that the medical records speak for themselves and any representations inconsistent therewith are denied. The remaining averments set forth in Paragraph 16 are denied.

17. Responding to Paragraph 17, admit that Plaintiff's medical records reflect various symptoms and diagnoses, restrictions and limitations, and aver that the medical records speak for themselves and any representations inconsistent therewith are denied. Admit that the Decedent's date of death was November 28, 2015. The remaining averments set forth in Paragraph 17 are denied.

18. Paragraph 18 contains legal arguments which need not be admitted or denied. To the extent a response is required, admit that Plaintiff's medical records reflect various symptoms and diagnoses, restrictions and limitations, and aver that the medical records speak for themselves and any representations inconsistent therewith are denied. Admit that the Decedent's date of death was November 28, 2015. The remaining averments set forth in Paragraph 18 are denied. Deny that the Decedent suffered a covered accident under the Policy.

**THE CLAIM**

19. Responding to Paragraph 19, deny that a claim was made in December 2015, all other averments are denied.

20. Responding to Paragraph 20, denied.

21. Responding to Paragraph 21, the averments in the first two sentences are admitted, as to actions in 2020. Responding to the averments in the third sentence of Paragraph 21, it is admitted that Plaintiff's counsel submitted additional documentation; the remainder of the averments are denied.

22. Responding to Paragraph 22, admit that LINA made the decision to deny benefits and did not retain an external medical review; the remainder of the averments are denied.

**THE DENIAL**

23. Responding to the averments in Paragraph 23 and subsection a-d, admit that LINA denied Plaintiffs' claim for benefits under the Policy and that Decedent's death was not a covered accident and additionally was subject to the exclusion for losses resulting from sickness, disease or bodily infirmity; the remainder of the averments contain legal arguments which need not be admitted or denied. Defendant refers Plaintiffs to the denial letters, which are incorporated by reference herein. To the extent a response is required, deny.

24. Responding to paragraph 24, admit that Plaintiffs were given an opportunity to submit an appeal to the denial; the remainder of the averments contain legal arguments which need not be admitted or denied.

25. Responding to Paragraph 25, deny Plaintiffs' appeal was timely; further assert that Plaintiffs' administrative appeal speaks for itself, all other averments are denied. Deny that the Decedent suffered a covered accident under the Policy.

26. Responding to Paragraph 26, admit that LINA denied Plaintiffs' administrative appeal, all other averments are denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

27. Responding to Paragraph 27, admit.

## SATISFACTION OF CONDITIONS PRECEDENT

28. Responding to Paragraph 28, denied.

## Cause of Action – Count I

29. Defendant incorporates its responses as set forth in paragraphs 1 - 29 as though set forth at length herein.

30. Responding to Paragraph 30, the averments contain legal arguments which need not be admitted or denied.

31. Responding to Paragraph 31, denied.

32. Paragraph 32 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

## THE STANDARD OF REVIEW

33. Paragraph 33 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

34. Paragraph 34 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

35. Paragraph 35 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

36. Paragraph 36 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

37. Paragraph 37 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

38. Paragraph 38 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

39. Paragraph 39 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

40. Paragraph 40 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

41. Paragraph 41 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

42. Paragraph 42 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

43. Responding to Paragraph 43, admit that Plaintiff's medical records reflect various symptoms and diagnoses, restrictions and limitations, and aver that the medical records speak for themselves and any representations inconsistent therewith are denied. The remaining averments set forth in Paragraph 43 are denied.

251226834v.1

44. Responding to Paragraph 44, admit that Plaintiff's medical records reflect various symptoms and diagnoses, restrictions and limitations, and aver that the medical records speak for themselves and any representations inconsistent therewith are denied. The remaining averments set forth in Paragraph 44 are denied. Deny that Decedent's death was a covered accident under the Policy.

45. Responding to Paragraph 45, admit that Plaintiff's medical records reflect various symptoms and diagnoses, restrictions and limitations, and aver that the medical records speak for themselves and any representations inconsistent therewith are denied. Assert that the report issued by Dr. Funk speaks for itself. Deny that Decedent's death was a covered accident under the Policy.

46. Responding to Paragraph 46, admit that Plaintiff's medical records reflect various symptoms and diagnoses, restrictions and limitations, and aver that the medical records speak for themselves and any representations inconsistent therewith are denied. Assert that the report issued by Dr. Bux speaks for itself. Deny that Decedent's death was a covered accident under the Policy.

47. Responding to Paragraph 47, aver that the medical records and LINA decision letters speak for themselves and any representations inconsistent therewith are denied. The remaining averments set forth in Paragraph 47 are denied.

48. Responding to Paragraph 48, aver that the medical records and LINA decision letters speak for themselves and any representations inconsistent therewith are denied. The remaining averments set forth in Paragraph 48 are denied.

49. Paragraph 49 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

50. Paragraph 50 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

251226834v.1

51. Paragraph 51 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

52. Paragraph 52 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

53. Paragraph 53 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

54. Paragraph 54 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

55. Paragraph 55 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

56. Paragraph 56 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

57. Paragraph 57 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

58. Paragraph 58 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

59. The averments in Paragraph 59 are denied.

### The Sickness Exclusion

60. Responding to Paragraph 60, LINA refers Plaintiffs to its denial letters, which are incorporated by reference herein and must be reviewed in its entirety; it is admitted that Decedent's death was not a covered accident and was excluded as resulting from sickness, disease or bodily infirmity. The remainder of the averments are denied.

61. Responding to Paragraph 61, the language in the Policy at issue speaks for itself and any representations inconsistent therewith are denied. Paragraph 61 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

62. Responding to Paragraph 62, the language in the Policy at issue speaks for itself and any representations inconsistent therewith are denied. Paragraph 62 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

63. Responding to Paragraph 63, the language in the Policy at issue speaks for itself and any representations inconsistent therewith are denied. Paragraph 63 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

64. Responding to Paragraph 64, the language in the Policy at issue speaks for itself and any representations inconsistent therewith are denied. Paragraph 64 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

65. Responding to Paragraph 65, the language in the Policy at issue speaks for itself and any representations inconsistent therewith are denied. Paragraph 65 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

66. Responding to Paragraph 66, the language in the Policy at issue speaks for itself and any representations inconsistent therewith are denied. Paragraph 66 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

67. Responding to Paragraph 67, the language in the Policy at issue speaks for itself and any representations inconsistent therewith are denied. Paragraph 67 contains legal arguments which need not be admitted or denied. To the extent a response is required, denied.

68. Responding to Paragraph 68, denied.

**Cause of Action**
**Count II Attorney's Fees and Costs**

251226834v.1

69. Defendant incorporates its responses as set forth in paragraphs 1 - 68 as though set forth at length herein.

70. Responding to paragraph 70, admit that Plaintiffs and Plaintiffs' counsel seek attorney's fees and expenses, and deny that they are entitled to attorney's fees and expenses.

71. Responding to paragraph 71, admit that Plaintiffs and Plaintiffs' counsel seek attorney's fees and expenses, and deny that they are entitled to attorney's fees and expenses.

**Conclusion**

72. Responding to the Prayer, admit that this paragraph accurately sets forth the relief sought by Plaintiffs, but deny that they are entitled to the same.

73. Responding to the Prayer, admit that this paragraph accurately sets forth the relief sought by Plaintiffs, but deny that they are entitled to the same.

74. Responding to the Prayer, admit that this paragraph sets forth the relief sought by Plaintiffs, but deny that they are entitled to the same.

**AFFIRMATIVE DEFENSES**

Subject to the foregoing, Defendant Life Insurance Company of North America ("Defendant" or "LINA") pleads, in addition thereto, the following affirmative defenses:

75. Plaintiffs' claims are barred for failure to comply with the terms and conditions of the subject group insurance policy and plan documents.

76. Plaintiffs' claims are barred, in whole or in part, on the grounds that LINA has discharged its obligations to Plaintiffs.

77. Plaintiffs' claims may be barred by the applicable statute of limitations.

78. Plaintiffs' claims may be barred for failure to submit timely proof of claim.

79. Any decision made by LINA regarding Plaintiffs' claim for benefits, if any, was not an abuse of discretion.

80. Any decision made by LINA regarding Plaintiffs' claim for benefits, if any, was not arbitrary and capricious.

81. LINA's interpretation of the terms of the plan documents was reasonable and its claim determination was supported by substantial evidence.

82. Defendant asserts that Plaintiffs have failed to mitigate their damages, if any. Alternatively, Plaintiffs' damages, if any, were caused in whole or part by prior or subsequent acts not attributable to Defendant.

83. Plaintiffs' claim for benefits was properly denied as the Decedent did not die of a covered accident under the Policy.

84. Plaintiffs' claim for benefits was properly denied as the Decedent's death was a result of sickness, disease, and bodily infirmity.

85. In the unlikely event the Court determines that LINA materially erred in administering Plaintiffs' claims for benefits under the terms of the plan and subject group policy or applicable law, which is denied, then the Court should remand the claim to LINA for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiffs' entitlement to benefits.

86. Defendant reserves its right to amend its Answer and Affirmative Defenses as may be applicable during the course of this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendant Life Insurance Company of North America requests that Plaintiffs take nothing by their claims and that Defendant be

awarded its attorneys' fees and such other and further relief, at law or in equity, to which it is justly entitled.

                          Respectfully submitted,

By:    */s/ Linda P. Wills*
       Linda P. Wills
       State Bar No. 21661400
       Federal Bar No. 12566
       909 Fannin, Suite 3300
       Houston, Texas 77010
       Telephone: 713-353-2000
       Facsimile 713-785-7780
       Linda.Wills@WilsonElser.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA**

**OF COUNSEL:**
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER, LLP**
Ved Chitale
Texas Bar No. 24099613
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000 Phone
(713) 785-7780 Facsimile
Ved.Chitale@wilsonelser.com

## CERTIFICATE OF SERVICE

I certify that a copy of **Defendant's Original Answer to Plaintiff's Original Complaint** has been forwarded to all known counsel of record via CM/ECF on this March 26th, 2021.

**RILEY LAW FIRM**
Timothy D. Riley
112 E. 4th St.
Houston, TX 77007-2502

                          */s/ Linda P. Wills*
                          **Linda P. Wills**